IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,552-02






EX PARTE RAYMOND LEE REESE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 34,609-B-H-1 IN THE 124TH DISTRICT COURT


FROM GREGG COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of bail jumping and
failure to appear and sentenced to five (5) years' imprisonment. 

 Applicant contends that his plea was involuntary because counsel advised him that he would
have a chance to appeal his conviction and resulting sentence if he pleaded guilty. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order trial counsel John W. Moore
to file a supplemental affidavit addressing whether he advised Applicant that he was waiving his
appellate rights when he pleaded guilty. The trial judge shall also forward a transcription of the court
reporter's notes from the plea hearing. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial judge shall make findings of facts as to
whether counsel advised Applicant that he was waiving his appellate rights when he pleaded guilty. 
Also, the trial judge shall make findings of fact as to whether the court documents reflect that
Applicant waived his appellate rights. The trial judge shall also make findings of fact as to whether
the trial judge admonished Applicant that he was waiving his appellate rights at the plea hearing. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 9, 2008

Do not publish